**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 11th day of February, 2013.**

_____
Robert D. Berger
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

**In re:**

**BRET DOUGLAS STOUDER,**  Case No. 12-21807
      **Debtor.**

**MEMORANDUM DECISION AND ORDER OVERRULING IN PART
OBJECTION OF MICROTECH COMPUTERS TO CONFIRMATION AND
DENYING MOTION TO DISMISS FOR DEBTS EXCEEDING THE DEBT LIMIT**

Comes on for hearing the Objection of Microtech Computers, Inc., to Confirmation and Motion to Dismiss for Debts Exceeding the Debt Limit.[1] Upon review of the pleadings, arguments of counsel, and the file, the Court is prepared to rule.

Debtor and Microtech Computers, Inc., engaged in lengthy and contentious litigation in the District Court of Douglas County, Kansas. The case was filed in 2004, and the state court's nunc pro tunc memorandum decision was docketed on April 19, 2010. The litigation is well-summarized by the state court judge in a memorandum decision:

---

[1] Doc. No. 32.

13.02.11 Stouder Order.wpd

> Plaintiff has filed an action against a former employee alleging the employee violated his fiduciary duties as a trusted employee by taking trade secrets from plaintiff, by converting sales to the new company formed by defendant and depriving plaintiff of the benefit of those sales, and by converting computer scripts developed by plaintiff for use in his new business. Plaintiff asks for an injunction against the defendant, damages for misappropriation of trade secrets and forfeiture of defendant's commission based upon the doctrine of faithless servant. Defendant has counterclaimed for unpaid commissions.[2]

In Schedule F the debtor listed the following debts to Microtech:

| | |
|---|---|
| Disputed | $14,919.23[3] |
| Contingent and disputed | $69,360.89[4] |

Including these two Microtech debts, the debtor's total Schedule F unsecured non-priority debts listed in the bankruptcy are $296,962.12. In addition, total priority claims in the amount of $3,256.89 are listed on debtor's Schedule E. On debtor's Schedule D there is nothing listed for unsecured portions for creditors holding secured claims. Microtech has timely filed the following proofs of claim with the amounts set out as follows:

| | | | |
|---|---|---|---|
| Claim No. 10 | September 13, 2011 | Judgment plus interest | $14,919.24 |
| Claim No. 11 | February 4, 2004 | Judgment plus interest | $69,350.89 |
| Claim No. 12 | | Costs and attorney's fees | $497,182.59 |
| Claim No. 13 | | Unknown amount for punitive damages | |

This Court previously granted in part Microtech's motion to abstain and relief from the automatic stay to allow the state court to proceed to a final determination on all issues, including

---

[2] Attachment to Doc. No. 32, at 1; as summarized below, other judgments were entered.
[3] This claim is described on Schedule F as: "Judgment amount (counter claims on appeal; subject to setoff; disputed) Subject to setoff."
[4] This claim is described on Schedule F as: "partial summary judgment award (amount approximate; debtor believes amount has been set aside and a motion to reconsider pending; listed in abundance of caution, but claim subject to counter claim and related setoff, and claim is disputed) Subject to setoff."

any appeals. However, this relief and abstention order is held in abeyance pending a determination by this Court of the trustee's and Microtech's objection to confirmation and Microtech's motion to dismiss the case on the grounds of debtor's Chapter 13 eligibility under § 109(e);[5] this relief and abstention order was entered in response to Microtech's motion for relief from stay to determine claims, for abstention, or for allowance of claims.[6] In this Memorandum Decision, this Court only addresses Microtech's objection to confirmation and the motion to dismiss for debts exceeding the debt limit.[7] For the reasons stated below, Microtech's objection is overruled in part and its motion to dismiss is denied.[8]

**Legal Discussion**

The narrow issue before the Court is whether a prepetition claim for attorney's fees and costs requested by Microtech Computers, Inc., in prepetition state court litigation against the debtor is unliquidated or liquidated. Microtech requests attorney's fee and costs in the underlying state court action in the amount of $497,182.51; the state court has not ruled on their allowance. If the asserted attorney's fees and costs are unliquidated, then this sum will not count towards the calculation of debtor's debt eligibility for a Chapter 13 bankruptcy. Section 109(e) provides that the unsecured liquidated and non-contingent debts may not aggregate more than $360,475. This determination is made as of the bankruptcy petition date. If all or a sufficient amount of the attorney's fees and costs are liquidated and non-contingent, then the debtor would exceed the unsecured debt eligibility limits to be a Chapter 13 debtor. This determination may

---

[5] See Doc. No. 61
[6] Doc. No. 53.
[7] Doc. No. 32.
[8] The Court denies Microtech's motion to dismiss and only overrules that portion of Microtech's objection to confirmation alleging that the debtor exceeds the liquidated, non-contingent unsecured debt limit set out in §109(e).

- 3 -

13.02.11 Stouder Order.wpd

be made by this Court without a hearing.[9] The Court may rely primarily, at least initially, upon the debtor's representations made in the Chapter 13 filing and the information contained in the creditor's proofs of claim, assuming that these documents are filed in good faith.[10] This reliance is not exclusive and is subject to the dictates of common sense and whether the filings were made in good faith.

If a debt is neither agreed upon nor fixed by law, then it is unliquidated, and defenses to only part of the debt renders the entire debt unliquidated since the "precise amount is not settled."[11] Just because the debt is disputed does not mean that it is unliquidated.[12] A disputed debt is not automatically unliquidated if the amount is readily ascertainable.[13] Although the term liquidated is not defined in the Bankruptcy Code, "it is well-settled that whether a debt is 'liquidated' turns on whether the amount is 'readily determinable.'"[14] By extension, a debt "is readily determinable" only if "the process for determining the claim is fixed, certain, or otherwise determined by a specific standard."[15] "On the other hand, if the value of the claim depends on a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated."[16] "The key factor for determining whether a debt is liquidated or unliquidated is whether the debt is subject to a simple mathematical computation or ascertainable by reference

---

[9] *See In re Reader*, 274 B.R. 893, 898 (Bankr. D. Colo. 2002)(Brown, J.), following *In re Barcal*, 213 B.R. 1008 (B.A.P. 8th Cir. 1997). *See also Matter of Lybrook*, 951 F.2d 136 (7th Cir. 1991), and *Matter of Pearson*, 773 F.2d 751 (6th Cir. 1985).

[10] *See In re Adams*, 373 B.R. 116, 121 (B.A.P. 10th Cir. 2007).

[11] HENRY J. SOMMER, ET AL., CONSUMER BANKRUPTCY LAW AND PRACTICE §12.2.3.2 at 310 (10th ed. 2012).

[12] *See Matter of Knight*, 55 F.3d 231 (7th Cir. 1995).

[13] *U.S. v. Verdunn*, 89 F.3d 799 (11th Cir. 1996), federal tax claim was liquidated because it was easily ascertainable by the application of a specific standard.

[14] *Adams*, 373 B.R. at 119.

[15] *Barcal*, 213 B.R. at 1014 (bolding in original omitted).

[16] *Adams*, 373 B.R. at 120, quoting *Mazzeo v. United States (In re Mazzeo)*, 131 F.3d 295, 304 (2d Cir. 1997) (internal quotations omitted).

to an agreement."[17]

In *Adams* the debtor was the personal representative for a probate estate. There were allegations that the debtor misappropriated funds or inappropriately used property of the probate estate; there were seven different classifications of malfeasance attributed to her. The *Adams* court found that six of the acts of malfeasance, which basically amounted to the embezzlement, conversion or misuse of probate estate property, were liquidated. However, one classification was not easily quantifiable in that it was attributed to a loss of income related to the decedent's business, which the debtor operated. The court found that the damages related to debtor's operation of the decedent's business was an unliquidated claim for debtor's breach of fiduciary duty in that the debt was not "'readily determinable' because it [was] subject to a future exercise of discretion by the trier of fact."[18]

Similarly, in *Reader*, Judge Brown addressed the situation in which the debtor's father's estate held a claim when debtor had allegedly misappropriated monies in her capacity as conservator for her father. Judge Brown commented that although the claim was disputed it was also liquidated since it was predicated on a Special Master's Report that set out damages related to the debtor's alleged misconduct as her father's conservator. Judge Brown observed that "[t]he Special Master's Report is not conclusive as to the amount of this claim or its validity, but it meets the good faith, facial task."[19] Since inclusion of the losses set out in the Special Master's Report as liquidated claims pushed the debtor above the statutory threshold for unsecured debt, the case was dismissed.

---

[17] *Id.*
[18] *Adams* at 122.
[19] *Reader* at 899.

- 5 -

13.02.11 Stouder Order.wpd

Case 12-21807   Doc# 69   Filed 02/11/13   Page 5 of 7

## Analysis

After review of the pleadings filed in this case by the debtor and by Microtech, this Court finds that Microtech's demand for attorney's fees and costs is unliquidated. The appropriate amount of attorney's fees and costs to be awarded is determined by the trier of fact, and the specific amount is not known and is not reasonably determinable as required in the 10th Circuit. While it appears that under the circumstances of the underlying court case, there is a distinct possibility that attorney's fees will be awarded in Microtech's favor against the debtor, that amount is unliquidated. Determination of the amount is within the discretion of the state court trial judge. Although the award of attorney's fees is subject to ethical guidelines for attorneys in Kansas, these guidelines do not constitute a formula wherein the amount is readily determinable. This is in contrast to the cases that hold that disputed tax claims are liquidated, since tax claims are subject to statutory and regulatory formulae and are hence readily ascertainable. By its very nature, the attorney's fee claim amount is subject to future discretion by the state court judge and is not readily determinable.

Even if the ultimate attorney fee award by the state court judge were to push the debtor above the unsecured debt limit in §109(e), that is not relevant. The determination as to whether a debt is unliquidated is as of the petition date, and on the petition date of this bankruptcy the attorney's fee demand was unliquidated. Microtech suggests that the attorney's fees should be at least as much as debtor's attorney's fees incurred in the litigation, and the debtor's attorney's fees were $185,000. However, the matter before the Court is not claim estimation under §502(c), which is in effect what Microtech is requesting. Estimation of the attorney's fees is outside the ambit of this Court's consideration as to the §109(e) debt limits and the determination as to the unliquidated status of this demand for attorney's fees.

## Conclusion

It is therefore the order of this Court that Microtech's motion for dismissal and objection to confirmation based on the §109(e) liquidated, non-contingent unsecured debt limits is hereby denied. The debtor is eligible under 109(e) to be a debtor in Chapter 13.[20]

IT IS SO ORDERED.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

---

[20] This ruling also applies to that portion of the trustee's objection to confirmation that alleges the debtor is not eligible to be a debtor under §109(e); a separate order denying in part the trustee's objection will issue.

- 7 -

13.02.11 Stouder Order.wpd

Case 12-21807    Doc# 69    Filed 02/11/13    Page 7 of 7